ANDREW McKINNEY, Plaintiff in Error, *v.* PHILLIP F. W. PECK, Defendant in Error.

ERROR TO THE SUPERIOR COURT OF CHICAGO.

A plea of non-assumpsit verified by affidavit, does not put the fact of partnership in issue ; that must be done by plea in abatement.

It will not be presumed that a person who occupies premises as a tenant, is ignorant of the rent he is to pay, especially where he holds over under a previous lease, and the rent is paid monthly, where he visits the place regularly, and is interested in the business conducted on such premises.

A person who has occupied premises under a written lease, who holds over, will be compelled to pay the same rent that the lease provided for ; and if it was an annual lease, the rent to be paid monthly, the premises cannot be abandoned and the rent avoided, except at the end of the year.

THIS was an action of assumpsit brought by the defendant in error against the plaintiff in error, and Samuel T. Wentworth, jointly.

The declaration contains three counts.

The first for use and occupation.

The second is upon the letting of certain tenements, etc., by the plaintiff to the defendants.

The third alleges that, on the first day of May, 1859, the plaintiff, by parol, demised to the defendants certain tenements, etc., for the term of one year then next ensuing, at a yearly rent of $2,500, in equal monthly installments of $208.33 each. That the defendants entered upon the premises and were possessed thereof, from thenceforth, until the first day of January, 1863, when the sum of $1,666.66 of the rent for the space of eight months, ending on the day last aforesaid, was due and payable.

To this declaration the defendant Wentworth, on the 20th of February, 1860, filed a plea of non-assumpsit.

On the 22nd day of the same month, the plaintiff in error, Andrew McKinney, filed a plea of non-assumpsit, the truth whereof was verified by affidavit.

On the 9th day of July, 1861, the cause was tried before GOODRICH, Judge, without a jury, and a verdict was rendered for the plaintiff for $1,250.

Motion for new trial made and overruled.

SCATES, McALLISTER & JEWETT, for Defendant in Error.

*Non-assumpsit*, by McKinney, verified, simply puts the question of *joint indebtedness* in issue.

There was no question here upon the execution of the lease, as upon *non est factum* to a suit upon it. We let the premises to Wentworth and McKinney, jointly, and they entered, occupied, and paid the rent during that lease, and took receipts jointly. The court will not *presume* that McKinney knew nothing about his own business, nor how it was being managed for a year and more. He was in the habit of visiting this store once a year at least, and had been here since he, through himself or servants, had entered under this lease, and during the occupancy under it. The payments of rent had doubtless been regularly entered in his books, and he had, no doubt, examined and seen how the business was transacted by his clerks and employees.

He had made no renunciation of that lease, nor complaint, during the year. Will the court presume and believe that he made no inquiry about so important a matter as the renting of the house in which he was doing business, how long he was entitled to keep it, or how much he was liable to pay for it, or whether he was liable any day to have his tenancy terminated and he turned out of possession with his business? The court must believe, from all the circumstances, that he was apprised of the terms upon which he had occupied the house during the written lease.

HELM & CLARK, for Plaintiff in Error.

There was no joint liability shown, and the partnership between McKinney and Wentworth being in issue by the plea of McKinney and not proved, the verdict was erroneous. 1 Chitty's Pleadings, 44, 516; 1 Saunder's Pl. and Ev. 180; 3 Conn. Rep. 198; 3 Blackf. 436.

The lease, offered in evidence by the defendant in error, purported to be signed "Andrew McKinney, per S. T. Wentworth, agent," and was under seal.

It was not shown that the agent had any authority to execute such an instrument. 35 Maine, 485; 34 Maine, 54; 9 Wendell, 54; 8 Cowen, 71; 5 Mass. 14; 6 N. H. 250; Story on Agency, 50; 12 N. H. 230; 2 Greenleaf's Ev. 61, 64, and 65.

Wentworth had no authority to bind McKinney jointly with himself. 11 Grattan, 281; Story on Agency, 59, and notes; Ib., 49, and notes.

Nor was it shown that there was ever any ratification by the plaintiff in error, of this act of assumed agency. Ratification could only be by an instrument under seal. Story on Agency, 246—253; 12 N. H. 231; 12 Wend. 68; 20 Wend. 258; 9 Wend. 54.

Ratification can only be implied or presumed from acquiescence, where there is full knowledge of all the circumstances. 2 Greenleaf's Ev. 66, 67, and cases cited; 1 American Leading Cases, 572, 573, and notes; 26 Wend. 222—226; 12 N. H. 231; 4 Barb. Supreme Court Rep. 369—374; 5 Metcalf, 196; 2 Fairfield, 70; 5 Dana, 530—532; 10 Iredell, 8; 1 Comstock, 434—445; 2 Vermont, 351; Ib. 239; 14 Serg. & Rawl. 27—30; 10 Ala. 756—771; 6 Leigh, 47, 60, 61; 26 Maine, 84, 87; 2 Blackf. 119; 2 Smedes & Marsh. 193—199; 3 Greenleaf, 429—432; 9 Porter, 305; 8 Gill. & Johns. 250, 323; 2 Bay. 269; Liv. Pr. & Ag., vol. 1, p. 44; Dunlap's Paley on Agency, 171, 172, 173 and notes; 2 Term Rep. 209; 2 Mann & Gr. 721; 2 Kent's Com. 614—616; 10 Paige, 127—130; 12 Johns. Rep. 300; 2 Johns. Cases, 424; 3 Cowen, 283; 1 Johns. Cases, 110; 7 Hill's Rep. 132; 1 Caines' Cases, 539.

The payment of rent monthly would raise the legal pre-

sumption that the tenancy was from month to month, and McKinney cannot be presumed from the proof to have known of any other. 23 Wend. 616; 4 Scott, 301; 3 Bing. N. C. 508.

BREESE, J. This was an action of assumpsit against the plaintiffs in error as partners with one Samuel T. Wentworth, for the use and occupation of a certain store, No. 161, on Lake street, in the city of Chicago. The defendants filed separately, a plea of non-assumpsit, verified on the part of McKinney in error, by an affidavit.

The first question arising is, what was put in issue by the plea so verified? By sec. 8, of ch. 40, it is provided, that " in actions upon contracts, express or implied, against two or more defendants, alleged to have been made or executed by such defendants as partners, or joint obligors or payors, proof of the joint liability or partnership of the defendants, or their christian or sirnames, shall not in the first instance be required to entitle the plaintiff to judgment, unless such proof shall be rendered necessary by pleading in abatement, or the filing of pleas, denying the execution of such writings, verified by affidavit, as required by law." (Scates' Comp. 256.)

This court has given a construction to this section, to which we must adhere, as it has become a settled rule of practice. We have said, " In all cases, except where the foundation of the action is an instrument of writing, the execution of which is denied by plea, verified by affidavit, whether the action be upon contracts express or implied, in writing or by parol, defendants who are sued as partners, can only put in issue that fact by filing a plea in abatement specially denying the partnership, or joint liability." *Warren* v. *Chandler et al.*, 12 Ill. 127.

The plea, therefore, of appellant, not being a plea in abatement, specially denying the partnership or joint liability, did not put that fact in issue, and consequently it was not necessary for the plaintiff to prove it—it was admitted on the record.

This point being disposed of, leaves little else in the case.

The suit was not brought upon the lease. That was only inducement to the action, and a holding over, after the expiration of one year, will be construed as a holding under the terms of the lease. It was proved that the lessees entered, occupied and held the premises, paying rent during the term, and took receipts in their joint names for the monthly payment of the rent. The appellant, it was shown, was in the habit of visiting annually this store, during its occupancy under this lease, and he must be presumed to have examined the books, and have seen the payments for rent regularly en tered therein, and must have known how, and by whom, this business was managed.

While the lease was in existence we hear of no complaints from him, or of any repudiation or denial of any lease, and his attention must have been directed to it, by the large monthly payments for rent. We cannot presume he was ignorant of the terms under which he was occupying, and of how much he was liable to pay for such occupancy.

We think the circumstances which surrounded him were of such a nature as to compel him to know the terms upon which he was occupying the premises.

When a party, holding premises for a certain term, under a written lease, holds over the term, the law will compel him to pay rent according to the written lease, nothing being shown indicating a change in the terms.

The plaintiff has shown a joint occupancy of the premises by the defendants, and payment of the rent for the year stipulated in the lease, and a continuance of the occupancy and payment of rent for some months of the second year.

They cannot, therefore, abandon the premises without paying rent for the second year, upon which they had entered. Though the payment of the rent was monthly, that does not imply a letting from month to month, against the testimony that the letting was for one year, on certain monthly payments.

The practice and law of the case is with the defendant in error, and the judgment must be affirmed.

*Judgment affirmed.*