STEPHEN B. WILLIAMS

*v.*

THE CHICAGO COAL COMPANY.

1. EVIDENCE—*matters of privilege.* In an action against a former agent of the plaintiff, to recover for money received by the agent and not paid over, the defendant sought to recoup the damages he had sustained by reason of having been discharged from his employment without proper cause, and before the expiration of the time fixed in the agreement of the parties, and, in testifying in his own behalf, the defendant, in order to reduce the amount of his earnings in other employment, after his discharge, set up a loss claimed to have been sustained by him through one of his customers: *Held*, the witness was not privileged from disclosing, upon cross-examination, the name of such customer.

2. INSTRUCTIONS—*questions for the jury.* Where, in such a case, damages were claimed, in recoupment in a suit against the discharged agent, for a breach of the contract, and a deduction claimed for one month's salary, and that he had allowed a sum of money in settling a claim for the company, it is error for the court to instruct the jury as to how they should find and the amount of their verdict. These were questions for the jury, and not the court.

3. INTEREST. In such a case, where the agent had retained money belonging to the company, and notified them of the fact, whether the company shall recover interest is a question for the jury, under proper instructions, and it is error for the court to compute and direct the jury to allow it.

4. BREACH OF CONTRACT—*damages.* Where a person is employed as the agent of another, and is wrongfully discharged from the employment, he is entitled to recover compensatory damages, but the damages may be mitigated, if the agent, after he is discharged, gets or can get employment in business of the same general character, to the extent of his compensation thus received, if less than his wages under the contract, and if equal thereto, then only nominal damages. If he engages in business of a different character, requiring harder labor and more capital, the damages should not be reduced the full amount of his earnings in such business.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action for money had and received, brought by appellee against appellant, in the Superior Court of Chicago.

150 WILLIAMS *v.* CHICAGO COAL Co. [Sept. T.,

Statement of the case.

Pleas—the general issue, and a special plea setting up as matter of recoupment in the nature of a set off, in substance, that the money sought to be recovered in the suit was for money received by appellant while acting as agent and employee of the appellee under a special contract, whereby appellee agreed to employ him for the period of five years from the 14th of May, 1866, at a salary of $2500 per year, and commissions on all coal sold in Chicago by either party, in excess of 10,000 tons, of ten cents a ton for the first year and five cents a ton for the remaining four years, appellant to be the sole agent in Chicago, to be furnished with yard, office, fixtures, and all help necessary to conduct the business; that appellant was discharged on the 23d of September, 1868, without any fault on his part and without his consent, whereby he had lost his salary and commissions and sustained a large amount of damages, to wit: $10,000, which were due at the commencement of this suit, and of which he offered to set off so much as was sufficient to equal any damages sustained by appellee.

To this plea the usual replication of general traverse was filed and issue joined.

A trial was had before the court and a jury; a verdict returned in favor of appellee for $2604 damages. Appellant moved for a new trial, which was overruled and judgment given upon the verdict. Exception was taken, and the case brought to this court by appeal.

Upon the trial, the counsel for the appellee relied almost exclusively upon a correspondence by letters between the secretary of the coal company and appellant, to establish its cause of action. The first in the series is written by Rockwell, the secretary, from La Salle, Ill., dated September 26, 1868, to appellant at Chicago, requesting the latter to send him, as soon as possible, a statement of appellant's account with the writer to the 23d inst., together with a list of the debts due by the Chicago Coal Company lately under appellant's charge, and a statement of all money due to the company in connection with the same business.

To this appellant replied by letter of the date of September 28, 1868, by which it appears that he enclosed an account current since the last account was rendered. But this account was not introduced in evidence.

On the 4th of October, 1868, Rockwell, from La Salle, addressed appellant by letter again, in which he acknowledged the receipt of appellant's of the 28th of September, with the statement of the accounts, and asks for information under the following heads: "I notice that S. B. Williams stands credited with $4122.77. What does that mean? Under what head is your own salary included, and what is the amount to yourself, to clerks and other employees?"

Appellant replied by letter of the 5th of October, 1868, and says: "The credit to my account arises in this way: My salary was credited up to September 1st, 1868; in making final settlement of the books, I credit myself as follows: debiting expense account for the same, for salary from September 1st, 1868, to May 1st, 1871, two years and five months, at $2500 per annum, as per contract, $6666.67; also for commissions on coal to be sold, amount of which can not now be ascertained; this leaves the balance now due me from the company, so far as can be determined at this time, of $4122.71, the amount referred to in your letter, said amount to be increased by commissions on coal to be sold, as per my contract with your company."

Upon the receipt of this letter, Rockwell, by letter of date October 7, 1868, again addressed appellant, as follows: "I have yours of the 5th inst., and notice your explanation of the item of $4122.77, concerning which I inquired in my letter dated 4th inst. You state that you have credited yourself with salary to May 1st, 1871, $6666.67. The amount to your credit, as shown by the trial balance, is $4122.77. Balance, $2543.90. What are the items which constitute this balance of $2543.90, and where are they?"

This inquiry was answered by appellant's letter of the 10th of the same month, in which he says: "In reply to your

inquiries as to what constitutes the amount of $2543.90 referred to in your letter, I would say it is principally cash retained by me on account of my claim against the Chicago Coal Company, the balance of which claim I desire to have paid at your earliest convenience."

Here the correspondence dropped, and these letters constitute all of the evidence, except some indefinite statements of Rockwell, as to a conversation between him and appellant, introduced on behalf of appellee.

Appellant introduced in evidence the agreement between him and appellee, set out in his special plea, and a letter from Rockwell, dated September 19, 1868, notifying appellant that his connection with the company would cease on the 23d inst.

Appellant testified that, at the time he was discharged he retained $2543.90 in his hands, which sum had been reduced by deducting his salary for September, amounting to $208.33, which, with $100 he had to pay on a wharfage account, reduced the amount to $2235.57, on account of his claim ; that when he was discharged he notified the company that he had retained this sum, and why he did so. He also testified that, from the 1st of October, 1868, to May 1st, 1871, he had made in other business the sum of $3282.69. On cross-examination, he testified that he had made a much larger sum, but by losses sustained in the commission business, amounting to $2000 or $3000, his earnings and receipts had been reduced to the amount stated. Upon being questioned as to the name of the person through whom this loss was sustained, he declined to give the name of the party, whereupon the court decided that he must answer and give the name, be committed for a contempt, or withdraw the matter of the loss from the consideration of the jury. Appellant elected to withdraw the matter of the losses, and the evidence closed, whereupon the presiding judge said : "There is nothing left now to discuss, is there? I think I am prepared to tell the jury what the verdict ought to be," and instructed the jury as follows : "Under the evidence the plaintiff is entitled to recover $2604." To which

appellant's counsel excepted. The jury retired and returned into court the following verdict: "We, the jury, find that the plaintiff is entitled to recover $2604, including interest."

Mr. GEORGE L. WATERMAN and Mr. E. A. SMALL, for the appellant.

Messrs. MOORE & CAULFIELD, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

The first question presented for consideration is, whether appellant, having claimed, as witness for himself, to reduce the amount of his earnings in other employment, by losses alleged to have been sustained by him, as a commission merchant, through one of his customers, was privileged from disclosing, upon cross-examination, the name of such customer.

No authorities have been referred to by counsel tending to recognize the privilege in such case. We are aware of none, and regard the negative of the proposition as being too clear, upon principle, to merit discussion.

The only other question in the case arises upon the action of the court at the close of the testimony. It is claimed by appellant's counsel that, as the case then stood, there were questions of fact involved, constituting necessary elements of the verdict, but that the court withdrew all such questions from the consideration of the jury, and peremptorily directed what verdict they should find.

The record shows that, at the close of the testimony, the court said: "There is nothing left to discuss, is there? . I think I am prepared to tell the jury what the verdict ought to be." Thereupon the court instructed the jury as follows: "Under the evidence, the plaintiff is entitled to recover $2604." To which appellant's counsel excepted. The jury returned the following verdict: "We the jury find that the plaintiff is entitled to recover $2604, including interest." The counsel for appellant moved to set aside the verdict and to grant a new trial, which was overruled and exception taken.

There was a special plea, setting up matters arising out of the same subject matter and transaction of the claim of the plaintiff below, in recoupment. Such matters grew out of a breach of contract on the part of the appellee to employ him at a certain salary, and commissions upon coal to be sold by him, for the period of five years, and wrongfully discharging him before the lapse of that time.

At the close of the testimony, the state of the case was substantially this: Appellant was discharged on the 23d of September, 1868, without cause, when his time would not expire until the 1st of May, 1871. But it appeared from his own testimony that, as early as the first week of October following his discharge, he got employment, or into business, from which he realized more than he was to receive from appellee, if we lay out of the question the uncertain amount which might be realized as commissions upon coal which he might sell in excess of a specific amount, as to which the evidence shows little, if any, data; that he continued to receive such compensation or profits in his other employment, as that, at the expiration of the time for which he was employed by appellee, he would probably have received as much, if not more, than his salary would have amounted to, if he had continued under the contract with appellee. If he had received as much in other employment, of the same character, then, of course, the damages sustained by his wrongful discharge might be but nominal. But he claimed to reduce the result of his earnings and income below what his salary from appellee would amount to by showing losses to which he had been subject; but upon the question arising concerning the privilege above referred to, he, rather than disclose the name of the customer through whom the loss was sustained, elected to withdraw all evidence of such loss. It is probable that, upon this being done, the court regarded the defense by way of recoupment foreclosed, by appellant's admission of the amount received by him in other business, and that no question of fact remained to be passed upon.

Would such a result necessarily follow?

Where a party is employed for a specified time, and at a stated salary, in a business of one character, and he is wrongfully discharged, does it follow that, if he goes into another kind of employment, or, by the use of his capital and skill both combined, he makes as much as he would have received under the employment from which he was discharged, he has, therefore, necessarily sustained no damages?

The principle upon which damages are allowed in cases like this, is that purely of compensation. New employment does not constitute a defense, but the amount earned is to be taken into consideration in determining how much the party discharged has lost; or, perhaps, as a better expression, in mitigation of damages. The law will not permit him to so conduct himself as to aggravate the damages. He must not lie idle when it is practicable to get work of the same general character.

But when other employment has been obtained, and earnings received, or business entered into and profits made, and the question arises as to how much damages such party has sustained by reason of the wrongful discharge, some questions of fact must necessarily be involved, viz: Was the new employment of the same general character, or was the labor more severe, or the responsibility greater or less? Was the new business such as required the use of capital, while that from which he was discharged did not? If a young man should enter into a contract with a merchant, to act as his clerk for a specified time, at a stated salary, and be wrongfully discharged, and if the only employment he could get would be to work as brakeman on railroad trains, would it be claimed that because he received as much wages as brakeman as he was to receive as clerk, such facts would constitute a defense to the merchant? Would they, as matter of law, operate as mitigation of damages, to such as were nominal, merely? Clearly not; simply because the question of fact should be

156 WILLIAMS v. CHICAGO COAL CO. [Sept. T.,

Opinion of the Court.

passed upon whether the labor was not different in character and more severe in the performance.

The matter set up in the special plea is in the nature of a cross action. Suppose, instead, appellant had brought his action upon the contract, alleging the same breach. Proof upon the trial, of the execution of the contract, readiness to perform on the part of appellant, and the wrongful discharge, would constitute a cause of action which would entitle him to some damages. But suppose the same evidence were introduced as to subsequent employment, and the receipt of compensation, which, nominally, amounted to as much and even more than the stipulated salary, would it be competent for the court to take the case from the jury and instruct them peremptorily to find for the defendant? Manifestly it would not; and yet that is precisely what was done, in effect, in this case.

The appellant testified, and is uncontradicted, that, at the time he was discharged, he retained, and so reported to appellee, the sum of $2543.90, which had been reduced by deducting the September salary of $208.33; that he was obliged to allow Mr. Hart $100 in the settlement of a wharfage account, which, with the September salary, reduced the amount received by him to $2235.57.

It does not appear that appellee had ever questioned the allowance of the salary for September, or of the $100 paid on the wharfage account. If it was questionable whether these items should have been allowed, the matter should have been submitted to the jury. Against appellant's evidence on the trial was his letter of October 10, 1868, to Rockwell, in answer to one of the latter. Rockwell says in his letter:

"You state that you have credited yourself with salary to May 1st, 1871, - - - - - - $6666.67
The amount to your credit as shown by the trial balance, is - - - - - - - 4122.77

Balance, - - - - - $2543.90

What are the items that constitute this balance of $2543.90 and where are they?"

In his reply to these inquiries, appellant said:

"In reply to your inquiries as to what constitutes the amount of $2543.90 referred to in your letter, I would say it is principally cash retained by me on account of my claim against the Chicago Coal Company," etc.

Unless this admission amounts to an absolute estoppel, which it clearly does not, the appellant had the right to claim before the jury that this amount should be reduced by the items above referred to in his testimony, and the question should have been submitted to the jury.

Then again, the question of interest was for the jury, and not for the court. The suit was for money received to the use of another, it is true; but appellant testified, and, in that, was uncontradicted, that he immediately notified the company of the fact, and his reason for so doing. In such case, the statute gives interest when such money is "retained without the owner's knowledge." And the only other case where the statute gives interest in the absence of a written contract or judgment is, "on money withheld by an unreasonable and vexatious delay of payment." Whether the interest be claimed upon one ground or the other, the question must be submitted to the jury.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*