JAMES F. FARMER

*v.*

ELIZA J. FARMER.

PRACTICE—*postponing case after commencement of trial.* It is a matter in the discretion of the court, to postpone a case after the trial has commenced, to enable a party to procure the attendance of a witness who has not been subpœnaed, and it is not error for the court to refuse to do so.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. OSCAR A. DeLEUW, and Mr. GEORGE W. SMITH, for the plaintiff in error.

Messrs. EPLER & CALLON, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of replevin, in the circuit court of Morgan county, brought by Eliza J. Farmer against James F. Farmer, to recover a horse.

A jury was waived, and the cause was tried by the court, and the issue found for the plaintiff. The defendant brings the case here, and insists upon a reversal of the judgment on two grounds: First, because the judgment is contrary to

the evidence ; and second, for the reason the court refused to postpone the cause until the defendant could send and. get a witness after the evidence was heard.

While the evidence is not as satisfactory in favor of the plaintiff as we could desire, yet we do not think the judgment is so manifestly against the weight. of the testimony as to justify a reversal upon that ground.

The plaintiff testifies that, in 1868, the defendant, her father, agreed with her that, if she would remain at home for one year, and wait upon her mother, who was then in feeble health, he would give her a sucking colt which he then had, to which she assented. A few months after this, the defendant traded this colt and another for a sorrel horse. Afterwards, the defendant, with the consent of plaintiff, traded the sorrel horse for a horse called "Wild Bill." He then told plaintiff that this horse was not suitable for her, and he would trade him for another, and he then traded this horse for the one in controversy.

The plaintiff then proved, by five witnesses, that defendant told them, on various occasions, that the horse in controversy belonged to the plaintiff. The plaintiff also proved that, on a certain occasion, the defendant was a witness, and testified that this horse belonged to the plaintiff.

There was nothing to contradict all of this evidence, except the oath of the defendant himself.

This court has repeatedly held that a judgment will not be reversed on the ground that it is contrary to the evidence, unless it is clearly against the weight of the evidence. Testing this one by that rule, we must decline to disturb the judgment.

Neither can we disturb the judgment on the other point raised.

It appears that, after the plaintiff had introduced her evidence, and the defendant had testified, he then asked the court to postpone the cause until the next morning, until he could get another witness that had not been subpœnaed, which the

court refused. In this there was no error. It was purely a matter of discretion with the court. Had the defendant desired the witness, he should have had her subpœnaed, and then used the process of the court to compel her attendance. This he failed to do, and it was his own neglect that he was' deprived of the evidence.

Perceiving no error in the record, the judgment will be affirmed.

*Judgment affirmed.*