## MOLINE PLOW COMPANY
## v.
## ELIJAH BOOTH.

CONTRACT FÓR SERVICES—CONTINUING AFTER EXPIRATION OF CONTRACT.—A person entering into the employment of another under a contract for a specified time, and continuing after the expiration of the term, will be considered as working under the original contract.

ERROR to the Circuit Court of Rock Island county; the Hon. J. J. GLENN, Judge, presiding. Opinion filed December 4, 1885.

Mr. EUGENE LEWIS and Mr. IRA A. WILKINSON, for plaintiff in error.

Mr. WILLIAM H. GEST, for defendant in error.

BAKER, J.   Elijah Booth, defendant in error, on the 12th day of July, 1882, made a proposition in writing to the Moline Plow Company, plaintiff in error, to take charge of the foundry "at a salary of $1,000 per annum." This proposition was duly accepted, and the effect of such acceptance was to make the arrangement between the parties a binding contract for an entire year's services at the compensation stated. The year's work was performed and paid for. At the end of the year Booth did not quit the employment of the company but

continued to act as foreman of the foundry until the 31st of January, when he was discharged. His wages were paid to that date at the agreed rate. He notified the company he considered he was hired by the year, and had made his arrangements accordingly; that his being discharged was a damage to him, and he would hold the company responsible on its contract, and was willing to fill his part of it at any time it was demanded. It is not claimed that there was any unreasonable cause for his discharge.

Afterward, at the end of the second year, Booth, on the theory of a contract to take charge of the foundry for such second year, from July, 1883, to July, 1884, brought suit against plaintiff in error to recover damages for breach of such supposed contract.

The verdict of the jury and judgment of the court were in his favor, and for $416.65 damages.

If a person is hired under a contract for services, at a fixed salary and for a specified time, and is discharged without reasonable cause before the expiration of that time, then he may, at the end of such period, bring his action and recover damages for the wrongful discharge. The measure of damages will usually be the amount he was to receive by the terms of the hiring. This amount the defendant may diminish by showing that plaintiff had earned, or might have earned, wages in some other employment of the same general character. Williams v. Chicago Coal Co., 60 Ill. 149; Trustees, etc. v. Shaffer, 63 Id. 243; Chiles v. Belleville N. M. Co., 68 Id. 123. Upon the point whether in June, 1883, there was an express and specific agreement to continue the contract for another year, the evidence is conflicting; but, in the view we take of the case, it is unnecessary to discuss this branch of the testimony.

The original contract was for a year, at a salary of $1,000 per annum. It is not claimed by plaintiff in error that at the expiration of the first year any new or different contract was made. A person entering into the employment of another under a contract for a specified time and continuing after the expiration of the term, will be considered as work-

ing under the original contract. It is the same in principle as a holding over by a tenant under an annual lease, when the premises can not be abandoned and the rent avoided except at the end of the year. McKinney v. Peck, 28 Ill. 174; G. & B. S. M. Co. v. Bulkley, 48 Id. 192. The case of Beeston v. Collyer, 4 Bing. 309, is in point. There the original hiring was on the first of March, 1793, for a year, and the plaintiff was discharged on the 23d of December, 1826, and a judgment for the residue of the current year's salary sustained. Best, C. J., said: "The contract is for a year at first, and if the parties do not disagree, it goes on from one year to another." In Wallace v. Floyd, 29 Penn. St. 184, it was held that if a man agree to serve another for a month or year, and silently continues longer in the service, it will be on the old terms. See, also, N. H. Iron Factory Co. v. Richardson, 5 N. H. 294.

If it should be conceded that the weight of the evidence fails to show a specific agreement that the old contract should continue for another year ; yet, our conclusion, in the absence of proof of a change, is that the first contract renewed itself for a second year, and was equivalent to a new contract of hiring upon the same terms. The presumption of law is that the original contract, both as to rate of compensation and time of service, and as to all its provisions, was continued.

This view of the law obviates the necessity of considering the objections made to the rulings of the court upon the instructions, and otherwise. Under the law and the evidence, the verdict of the jury could not properly have been other than it was, and if there was any error of the trial court by it the plaintiff in error was not damnified.

The judgment is affirmed.

Affirmed.