Morris, Tasker & Co. v. Agnew.

---

## Morris, Tasker and Company v. Henry Agnew.

1. CUSTOM AND USAGE—*Usage Defined.*—The fact that when employers employ their help, arrangements are made from the first to the end of the year, does not amount to custom or usage. A usage takes the place of, or implies an agreement as to something about which the parties do not make an agreement.

2. SERVANT—*English Presumptions Not in Force in the United States.* —In the United States the name of servant, except in legal proceedings and

public office, is not much used, and the legal presumptions obtaining in England as to terms of service and notice of quitting or discharge are unknown.

3. AMENDMENTS—*Increasing the Ad Damnum.*—A declaration may be amended increasing the amount of Damages claimed.

**Memorandum.** — Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. THOMAS B. WINDES, Judge, presiding. Submitted at the October term, 1894. Reversed and remanded. Opinion filed January 10, 1895.

MANLOVE & FORCE, attorneys for appellant.

JOHN T. RICHARDS, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant is a corporation in Philadelphia, and the appellee went into its service, as agent, in Chicago, under the terms expressed in the following letter:

"PHILADELPHIA, March 19, 1890.

Henry Agnew, Esq., 369 S. Oakley Ave., Chicago, Ills.

DEAR SIR: We wired you on Monday, the 17th inst., that your application was under favorable consideration, etc. Since that date we have concluded to establish the Chicago agency and offer you the position. It will be conducted on a salary basis, invoices billed direct from our Philadelphia office to customers, and all sales made subject to our approval, respecting prices, terms, etc. The compensation we offer is $250 per month with an allowance of $100 per month for office rent and minor expenses. To go into effect on April 1, 1890, and to continue until December 31, 1890.

We should be glad to have your acceptance, and then will forward you a memorandum of agreement, substantially upon the basis as discussed with our Mr. Rowland, at his interview with you in Chicago on the 12th inst. Awaiting your reply,

We are yours very respectfully,

MORRIS, TASKER & CO.    (Incorporated.)

H. C. VASANT, Secretary.

Kindly consider this confidential until it goes into effect."

There is conflicting testimony as to some conversations in January, 1891; and as to custom, whether such relations as were begun under that letter, were to be considered, if continued beyond the period therein mentioned into the next year, as a new engagement for the whole of that year, and so, also, in each succeeding year.

The conversation alleged did not relate to the year 1893, and the custom is not proved, even to the satisfaction, apparently, of the appellee.

No one but himself swears to it, and as he states it, the custom is that when employers employ their help, " the arrangements are made from the first to the end of the year," which is no custom at all, even in the sense of usage. A usage takes the place of, or implies, an agreement as to something about which the parties do not make an arrangement. Oldershaw v. Knoles, 4 Ill. App. 63.

There is a letter from the appellant to the appellee, of December 19, 1890, which requests the appellee to settle his accounts within a week, as it is the custom of the appellant to close its books " on the 1st of January," and another December 31, 1891, in regard to business which could not have been entered upon until the next month, which letter wishes the appellee " a prosperous new year."

In August, 1892, the appellant notified the appellee of a reduction from September 1st, then next, of $100 per month in his salary and allowance.

To that the appellee answered that " a strict and natural construction of our existing relations, would, it seems to me, prevent any change in them until the expiration of the year." To that the appellant made no reply, probably because the appellee submitted to the reduction.

The strongest authority for the appellee, Moline Plow Co. v. Booth, 17 Ill. App. 574, proves too much, if anything, for his side of the case. It is there said that " the presumption of law is that the original contract, both as to the rate of compensation and time of service, and as to all its provisions, was continued."

Now here the original contract was for a term of nine months, upon monthly compensation.

Renewing nine month terms, the times at which they expired were September 30, 1891, June 30, 1892, March 31, 1893; and on March 3, 1893, the appellant wrote "that on and after the 1st of April next, your services as agent will be discontinued. In severing this connection, I wish to state that it has become necessary simply by reason of the fact that we feel it to be in the interest of economy in our business to discontinue it." No fault of the appellee was alleged, then or since. The appellee understood that the discharge took effect "at the end of" March, as the appellant doubtless intended.

In the United States the name of servant, except in legal proceedings and public office, is not much used, and the legal presumptions obtaining in England as to terms of service, and notice of quitting or discharge, are unknown. Wood, Mas. & Ser., Secs. 2, 134.

We can find in the case no evidence tending to show a contract by the appellant to employ the appellee for the year 1893. The discharge was lawful, and the judgment which the appellee has recovered as for a wrongful discharge, is erroneous and must be reversed and the cause remanded.

The suit was commenced by attachment. The attachment was dissolved upon recognizance, and then the appellee amended his declaration, increasing the damages claimed. In this there was no irregularity. What might be the effect upon the obligation of the surety, if the judgment were affirmed, need not be discussed. Reversed and remanded.