58  345
79  263

## Charles Mears v. S. Ella O'Donoghue, Executrix of Robert W. Smith.

1. Contracts—*For Services by the Year—Presumption as to Continuance.*—The terms of a yearly contract for services will be presumed to continue from year to year, so long as the employment lasts, unless the contrary is shown, and in the absence of sufficient evidence to show a change in the terms of the employment, proof of the original contract will limit the right of recovery to the yearly salary at the original rate.

2. Evidence—*Indirectly Tending to Establish the Issue.*—On the trial of an issue of fact as to whether a contract was for services at a yearly salary or general, for what the same were seasonably worth, it is error to exclude testimony showing what the contract was at the beginning, upon the ground that such testimony does not cover the period for which the suit is brought.

Assumpsit, for legal services. Appeal from the Superior Court of Cook County; the Hon. Abner Smith, Judge, presiding. Submitted at the March term, 1895, of this court. Reversed and remanded. Opinion filed April 22, 1895.

Henry C. Noyes, attorney for appellant.

Frank A. Johnson, attorney for appellee.

Mr. Justice Shepard delivered the opinion of the Court.

This was an action brought by the executrix of Robert W. Smith, a deceased member of the bar, for a balance due on an account for legal services rendered to appellant from November 1, 1882, to May 25, 1888.

It was stipulated that the itemized statement of account shown in the transcript of record was a correct transcript of the items of charges against and credit to appellant, and of the dates thereof as made by the decedent, Smith, in his lifetime, in the book of original entry kept by him, and that the said items are entered in the same manner as similar items with other of his clients, and that said book was kept in the regular and customary manner of keeping day books or of original entry, and that there is nothing in the con-

tents or appearance of said book which tends to cast any suspicion thereon or upon the items therein of charge against or credit to said appellant, and that so far as said book is concerned, it shows that charges were regularly made by said Smith against appellant, for services rendered by Smith in precisely the same manner as they were made by him against other clients who made settlements by said book.

The account shows two hundred and thirty-eight items of charge for services, ranging in amounts charged from three dollars to seventy-five dollars, and covering the whole of said period of five and a half years, aggregating a total sum of $1,981.

. The credits shown were admitted to be correct in dates and amounts, and with but one exception appear as "By cash on account." The single exception under date of November 2, 1883, is:

"By cash in full for examination of Andrews abstract, $25." Those credits were of $100, September 14, 1883; $300, October 14, 1884; $200, June 19, 1885; $300, August 1, 1886; $150, June 21, 1887, making in all $1,075.

The defense to the action was that about the year 1865 the appellant employed Smith (to quote from appellant's brief) "as his attorney to attend to his law business in the city of Chicago upon a salary of $200 per year. Appellant claims that he has always paid Smith at that rate, as his salary, and that there is only due the appellee the sum of $38.88." Appellant also says in his brief: "The account so far as services are concerned, is not disputed; neither is it disputed as to the credits allowed in said account. * * * The only question before this court, is: Was Smith doing business for Charles Mears upon a salary of $200 a year, commencing in 1865 and ending in 1888, or was he doing business by the job, as shown by the account from November 1, 1882, to May 25, 1888?"

There is no evidence that Smith kept any account of services rendered appellant prior to November 1, 1882.

A verdict was rendered and judgment entered for $854 in favor of appellee.

Mears v. O'Donoghue.

On the trial one Stimpson was called as a witness for appellant. He had been bookkeeper for appellant from 1865 until 1872, and again from June, 1888, until July, 1892. The account sued on, it will be remembered, began November 1, 1882, and ended May 25, 1888, during no part of which period was Stimpson in appellant's employment.

The appellant offered to prove by Stimpson what the arrangement or contract was between Smith and the appellant when the relationship of attorney and client between them first began in 1865, and that such contract was continued until 1872, but such evidence being objected to by the appellee was excluded, apparently upon the ground that it did not cover the period following the commencement of the services for which the suit was brought.

There was testimony by one Brown, a bookkeeper for appellant, from 1879 to 1888, that tended to prove that during those years Smith rendered the services sued for, under the claimed contract.

The majority of the court are of opinion that it was error to exclude proof, by the witness Stimpson, of the terms of the original contract entered into between Smith and the appellant, in 1865, under the rule of law laid down in numerous cases, that the terms of a yearly contract for services will be presumed to continue from year to year, so long as the employment lasts, unless the contrary is shown; and that in the absence of sufficient evidence to show a change in the terms of Smith's employment, such proof of the original contract would limit the right of appellee's recovery to the sum of Smith's yearly salary at the original rate for the years sued for. Beeston v. Collyer, 4 Bingham 517; McKinney v. Peck, 28 Ill. 174; Grover & Baker v. Bulkley, 48 Ill. 189; Moline Plow Co. v. Booth, 17 Ill. App. 574.

This is but an application of the general principle that a state of facts, continuous in its nature, once shown to exist, is presumed to continue until a change is shown. The writer of this opinion, agreeing with that legal proposition, thinks there is in the record sufficient evidence to overcome

a legal presumption that such contract was continued from the time when this account was opened, in 1882, until it ended in 1888. This account, commencing in 1882, appears to have been the first account that Smith ever kept with the appellant, although it is admitted that he had performed legal services for appellant continuously for a period of seventeen years preceding. From that time it was kept with the utmost minuteness, showing the great majority of the entries to have been for services, for which but $3 and $5 were respectively charged, and that only twenty-two out of the whole number of two hundred and thirty-eight entries, were for services for which over $10 was charged.

There is also the special credit of $25, already mentioned, for fees, for examining an abstract of title, which, unexplained, seems to indicate that services of a like kind, for which there are in the account numerous charges, were understood by the parties not to be within their contract, if there was one.

The great variety, also, of the services charged for, including consultations concerning foreign suits, the collection of insurance money, the signing bonds by appellant as security for third persons, the formation of corporations, security for loans by appellant, the leasing and selling of real estate, amendments to laws in another State, besides examination of abstracts of title, the beginning and trial of suits and general consultations, tend to give rise to presumptions that the original contract had been changed by the parties.

The writer thinks that taking into consideration all these circumstances, a sufficient presumption of a change in the contract relations of the parties arises to overcome the presumption that would arise in favor of appellee's contention, if it were proved that the original contract, as claimed, existed from 1865 to 1872, and that, therefore, the exclusion of Stimpson's testimony worked no substantial injury to the appellant.

But the majority of the court being of the opinion first stated, the judgment will be reversed and the cause remanded.