Morgan & Wright, a corporation, v. Elton W. McCaslin.

Gen. No. 11,349.

1. AGREEMENT—*when, renewed by conduct of parties.* Where an agreement for one year is made and the parties continue their contract relations into another year, without making any change or any new agreement, the terms and conditions of the original contract are continued for another year.

2. VERDICT—*who cannot complain of amount of.* The amount of a

verdict which is smaller than that which might be justified by the evidence, notwithstanding it may, likewise, be illogical in amount, cannot be complained of by the unsuccessful party.

3. CONTRACT OF EMPLOYMENT—*what may be recovered for wrongful discharge.* Where an employee does not by his declaration seek to keep the contract alive, but declares upon its breach, he may bring an immediate action, and where the case is not tried until after the lapse of the contract term, he is entitled to recover for the entire term of employment, less payments made and such sum as he did or might have earned by reasonable diligence after the breach.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed June 9, 1904.

FARWELL & BARRY, for appellant.

COLSON & JOHNSON, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

Appellee brought suit in assumpsit against appellant. The first count in the declaration sets up that in January, 1900, appellant employed appellee as superintendent at a salary of $5,000 per year, commencing January, 1900; that he accepted such employment and was paid such salary for that year's services; that he continued in the same employment during the year 1901 at the like salary, but was paid the sum of $3,500 only for his services, etc. The second count avers that the same employment at the same salary was continued for the year 1902, but January 18, 1902, without any reasonable or just cause, appellant discharged appellee and refused to allow him to remain in such employment for the remainder of the year, etc. The common counts are added. Appellant interposed the plea of the general issue.

Upon the trial the jury found the issue for appellee and assessed his damages at the sum of $3,013. By their special findings they also determined that the parties made a contract for the employment of appellee by appellant for the year 1900; that appellee held his services subject to the orders of appellant to August 9, 1902, and for that entire year; that such contract of employment covered the

year 1902, and that appellee, after his discharge and up to the time he found work, used reasonable diligence to obtain similar employment.  Judgment was entered upon the general verdict, from which appellant perfected this appeal.

The evidence of appellee tended to prove that he entered the service of appellant in 1895, and was its acting superintendent during the year 1899 at a salary of $2,500 per year, at the close of which appellant made him a Christmas gift of $2,500; that about January 9, 1900, the president of appellant offered to him and he accepted a salary of $5,000 per year, for that year as its superintendent; that during 1900 he was paid semi-monthly at the rate of $3,500 per annum, and was given a check for $1,500 at the end of the year; that during 1901 he was paid the same semi-monthly wages, but received no check at the close of the year; that January 16, 1902, appellant asked him for his resignation, which he refused to tender, and two days later he was discharged without reasonable cause by appellant and directed to turn all business over to another, which he did; that while he held himself in readiness to work for appellant he diligently sought similar employment, but was unable to obtain the same until November 7, 1902, when he hired out to the Goodyear Tire & Rubber Company at the rate of $2,500 per year; that January 16, 1902, appellant paid him $145.83 for services for the first half of that month, and he also received $312.48 from the Goodyear Company for his services for part of November and for the month of December, 1902; and that there is due him from appellant for balance of salary for the year 1901 the sum of $1,500 with $75 for interest thereon, and also a balance of $4,541.69 for services for the year 1902, making a total claim of $6,041.69.

Fred W. Morgan, the president of appellant, denies that in January, 1900, he had any conversation with appellee in regard to increase of salary, or at any time during 1899 or 1900, did appellee request an increase of salary; that the Christmas checks given appellee were gifts; that the salary of appellee for 1899 was $2,500, for 1900 was $3,500.   John Herkenhoff, the secretary and treasurer of appellant, swears

that during 1901 appellee received a salary of $3,500.    It
was admitted by the appellee that the $2,500 he received in
1899, over his wages, was a gift or bonus.

The record is silent as to the cause of the discharge of
appellee.    It is apparent that it was for no fault or mis-
conduct on his part, for the letter asking his resignation
says:    "We find it necessary, under existing conditions,
to ask for your resignation.    We feel it a pleasure, how-
ever, to tender you a vote of thanks for faithful services
rendered, and will offer you all possible assistance in secur-
ing other connection."

It is not claimed that appellee was negligent in seeking
other similar employment, or that he did not accept the
first position he was able to secure.

Appellee worked for appellant for the first half of Jan-
uary, 1902, and the latter paid him for such services at the
rate of $3,500 per annum.    It thus appears that after the
contract for 1901 had expired, these parties continued their
contract relations into the year 1902 without making any
change or new agreement; thus carrying the terms and
conditions of the original contract into the new year.    In-
galls v. Allen, 132 Ill. 173; Moline Plow Co. v. Booth, 17
Ill. App. 574; 14 Am. & Eng. Ency., 770, 771.    Under the
special counts the claim of appellee is based upon a salary
of $5,000 per annum for the years 1901 and 1902.    The
contest here is not as to a contract, for all the evidence
shows the employment, but is as to the salary appellee was
to receive for his services; appellee claiming that such
salary was $5,000 per year, and appellant asserting it was
but $3,500 per year.    The evidence of appellee tended to
support the former amount, while that of appellant tended
to establish the latter sum.    While there is evidence that
would justify a verdict for the greater salary, we are satis-
fied that the jury found a verdict which agrees with the
preponderance of the evidence.    Substantial justice has
been done in this trial, and we are not disposed to disturb
the judgment except for good cause shown.    Appellant
claims that the verdict is illogical; that the damages, if
any, should have been $6,041.69.    It is true that such a

verdict would have been warranted by the pleadings, and is not without support in the evidence; but while appellee claimed his salary to be $5,000 per year, the jury must have found it to be $3,500 per year, and rendered their verdict upon that theory. Appellee is not here complaining of this action of the jury by which he received $3,000 less than he claimed, and appellant cannot raise that question for him.

The contention that as this suit was brought in April, 1902, appellee is entitled to recover for those installments of salary only which had matured at that time, is not well founded. Appellee by his declaration did not seek to keep the contract alive, as he might have done, but declared upon its breach. In such case he had the right to bring immediate action; and as the cause was not tried until the year 1902 had passed, he was entitled to recover for the whole term of employment, less the payments made, and such sum as he did or might have earned by reasonable diligence after the breach. Mt. Hope C. A. v. Weidenmann, 139 Ill. 77, 78.

The refusal of the learned trial judge to permit the witness Herrick to testify as to the custom of appellant in making gifts of money to its employees, if error, was harmless. All that this evidence tended to prove is implied in the verdict.

We find no reversible error in the giving or in the refusing of instructions, nor in the refusal by the court to submit to the jury the special finding tendered by appellant.

The judgment of the Superior Court is affirmed.

*Affirmed.*