Edgar J. Keel, Plaintiff-Appellee, v. Illinois Terminal Railroad Company, Defendant-Appellant.

Term No. 51–O–13.

Opinion filed March 1, 1952. Released for publication April 2, 1952.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, for appellant.

MORRIS B. CHAPMAN, and GEORGE J. MORAN, both of Granite City, for appellee.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

Edgar J. Keel, plaintiff-appellee, sued the Illinois Terminal R. R. Co., defendant-appellant, claiming that he had been wrongfully discharged. For his contractual rights, he relied upon a contract made in his behalf by a union.

The complaint consists of two Counts. The first one demands damages from the time of the alleged wrongful discharge up until the time of filing suit, and the claim is alleged to be based particularly upon the following provision in the union contract: "If it is found that an employee has been unjustly suspended or dismissed from the service, such employee shall be reinstated with his seniority rights unimpaired, and compensated for the wage loss, if any, resulting from said suspension or dismissal." The second Count was labeled Separate Action in Equity. It realleges most of the first Count and prays that the plaintiff be rein-

stated to his employment which he had prior to the alleged wrongful discharge.

Under Count I, the jury found for the plaintiff and awarded $8,000 damages. Under Count II, it found that he should be restored to his employment. After motion for new trial, this latter verdict was disregarded by the trial court, but judgment was entered for the $8,000 damages, and defendant perfected this appeal.

█ The first assignment of error is that trial court abused its discretion in denying a motion for continuance based upon the absence of a material witness. The witness had not been served with a subpoena, although the opportunity arose a short time before trial. The attorney's affidavit may have been sufficient in other respects to have justified allowance of the motion, but that is a question wholly within the discretion of the trial court, where no attempt was made to serve a subpoena in apt time. *Trask v. People,* 151 Ill. 523; *Farmer v. Farmer,* 72 Ill. 32; *Eames v. Hennessy,* 22 Ill. 629.

The principal question in this case is the propriety of the procedure. The contract between the railroad and the union provided for grievance procedure, with a final appeal permitted to the National Railway Labor Board under provisions of federal statutes. In some controversies under union contracts and the statute, the federal courts had taken the position that such procedure was exclusive, since the Board was particularly designed for it and was familiar with railroad jargon. However, in the case of *Moore v. I. C. R. R.,* 312 U. S. 630, the court announced that the procedure above mentioned was not exclusive, and that a discharged employee had the privilege of suing the railroad in court.

This was generally misinterpreted as departing from the previous theory of the federal courts. But the Supreme Court specifically clarified its decision in the

case of *Slocum v. Delaware L. & W. R. Co.*, 339 U. S. 239. In this case the court stated that the distinctive feature of the *Moore* case was in the fact that the plaintiff did not challenge the validity of his discharge and seek reinstatement and back pay. It is stated, p. 245: "Instead he chose to accept the railroad's action in discharging him as final, thereby ceasing to be an employee, and brought suit claiming damages for breach of contract. As we there held, the Railway Labor Act does not bar courts from adjudicating such cases."

Since the *Slocum* decision there have been a number of cases in state, as well as federal, courts which have held that the employee may accept his discharge as final and sue for damages in the court. But if he attempts to maintain that his employment is continuing and insists upon reinstatement, then the grievance procedure, including final disposition by the Railway Board is exclusive. *Piscitelli v. Penn. R. S. L.*, 8 N. J. Super. 557, 73 Atl. (2d) 751; *Reynolds v. Denver & R. G. W. R. Co.*, 174 F. (2d) 673.

The case most like this one is *Kendall v. Penn. R. R. Co.*, 94 F. Supp. 875. There the plaintiff sought reinstatement and back pay on the grounds of a wrongful discharge. The court reviewed the recent decisions and arrived at this conclusion: "Since plaintiff asks for both types of relief, it is evident that this court does not have jurisdiction over part of the subject matter of the complaint. Therefore, that part of the action which asks for reinstatement, back pay, and restoration of seniority rights will be dismissed, and plaintiff may amend his complaint to state his cause of action for damages only."

It is apparent that the plaintiff in this case has proceeded upon the wrong theory. Instead of accepting his discharge as final and suing for damages for such wrongful discharge, he has insisted he is entitled to

reinstatement with back pay, which is an entirely different thing.

█ The extent to which defendant was prejudiced by being brought to trial on an erroneous theory, is not susceptible of admeasurement in this court. While there is conflict of authority, it has been held that, if the plaintiff sues on the theory that his contract was still in force and effect, he may be entitled to recover for unpaid wages up to the time of suit. *Hamlin, Hale & Co. v. Race,* 78 Ill. 422. The *ad damnum* was thus limited in the complaint in this case.

On the other hand, if plaintiff treats the contract as terminated and seeks once for all, the damages he has sustained by the breach of contract, he is not limited to damages accrued up to the time of suit. Then the measure of damages is based upon the whole contract, less such sum as he did, or might, earn by reasonable diligence after the breach. *Mount Hope Cemetery Ass'n v. Weidenmann,* 139 Ill. 67; *Morgan & Wright v. McCaslin,* 114 Ill. App. 427.

During more than three and a half years between plaintiff's discharge and the trial, his employment had been sporadic. He had worked briefly at several jobs and hauled some coal under self-employment. He stated he had applied for employment at the Army Depot and at the Railway Retirement Board. From his own testimony, it might be deduced that his effort to establish himself in other permanent employment was more or less half-hearted.

Plaintiff presented to the jury a picture of an employee wrongfully kept out of his employment, waiting and demanding reinstatement. That is different from the picture of a man who accepts his discharge as final, diligently seeks employment elsewhere, and claims damages accordingly. We cannot assume that the difference did not affect the judgment of the jury in assessing $8,000 damages.

173

■ ■ Appellant has argued that the plaintiff obtained a hearing before his superintendent (which was the first step in the grievance procedure) and had thereby elected to use grievance procedure, therefore this suit should be dismissed. The same contention was made in *Moore v. I. C. R. Co.*, 112 F. (2d) 959, which ruled adversely to this contention. The case was reversed on other grounds, 312 U. S. 630. Of course, if the grievance procedure is pursued to a decision by the Railway Adjustment Board, that decision is final and bars relitigation in court. *Elgin, J. & E. R. Co. v. Burley*, 327 U. S. 661; *Reynolds v. Denver & R. G. W. R. Co.*, 174 F. (2d) 673.

■ This case must be reversed and remanded under the rule: "Where a case is tried upon an erroneous or mistaken theory of law, the judgment should be reversed and the case sent back for a new trial." *Iroquois Furnace Co. v. Wilkin Mfg. Co.*, 181 Ill. 582, 600. It should be observed that we apply this rule because the mistaken theory resulted in presenting issues to the jury which were misleading, causing prejudice to defendant.

■ Error is assigned on the giving of plaintiff's Instruction No. 2 which permitted recovery of damages to the time of trial, instead of to the time of filing suit, a difference of eighteen months. This was error since it did not conform to the complaint, but would not be error under a complaint drawn on the proper theory.

We do not pass upon the weight of the evidence, nor upon other assigned errors which will be obviated on a new trial.

Accordingly, the judgment of the trial court is reversed, and the cause remanded to that court with directions to allow the motion for new trial under Count I. Leave may be given plaintiff, if requested, to amend his complaint so as to make it clearly an

action for damages only, eliminating any claim for reinstatement, back pay, and restoration of seniority rights.

*Reversed and remanded.*

CULBERTSON, P. J. and BARDENS, J., concur.