Clifford G. Thorsen, Plaintiff-Appellee, v. Herbert Hansen d/b/a Hansen Construction Company, Defendant-Appellant.

## Gen. No. 47,300.

First District, Third Division.
May 7, 1958.
Released for publication July 18, 1958.

1

James J. Kilgallon, of Chicago, for defendant-appellant, Herbert Hansen.

Koven, Koven, Salzman & Homer, of Chicago, for plaintiff-appellee, Clifford G. Thorsen.

PRESIDING JUSTICE BURKE delivered the opinion of the court.

Clifford G. Thorsen sued Herbert Hansen, doing business as Hansen Construction Company, and Frank G. Ockerlund and William Groth, doing business as Ockerlund Construction Company (hereinafter called Ockerlund) under two written employment agreements. The agreement with Hansen called for $200 per week for plaintiff's supervision of certain building construction until the completion of Hansen's job. The agreement with Ockerlund called for $175 per week for like

supervision, terminating February 28, 1953. A trial without a jury resulted in a judgment in favor of Ockerlund and against plaintiff and in favor of plaintiff and against Hansen for $1,750 "for the period February 23, 1953 to June 1, 1953." Hansen (hereinafter called defendant) appealed. There has been no appeal or cross-appeal by plaintiff.

The Patrick Warren Construction Company was the general contractor for the erection of buildings known as the Parkway Garden Homes in the vicinity of South Parkway and 64th Street in Chicago. The Trusslab Construction Trust had agreements with the general contractor for the building of all the floors in the project for approximately $700,000. Trusslab did not, itself, do the work called for by its contracts. It made subcontracts with Hansen and Ockerlund. Hansen, as a subcontractor, was to perform all of the concrete girder and floor work above the first floor on eleven eight-story buildings and Ockerlund had similar contracts from Trusslab as subcontractors on thirty-two three-story buildings. These subcontracts were on a cost plus basis with specified ceilings beyond which they would have to look to other sources besides Trusslab for payment. Hansen lost considerable money on the work done under his subcontract.

The plaintiff had been working for Ockerlund from August, 1952, as superintendent under a verbal agreement. On October 29, 1952, Ockerlund and plaintiff entered into a written contract under which plaintiff was to continue as superintendent until February 28, 1953, at a salary of $175 per week. Hansen did not start work on the project until about November 5, 1952. On November 8th he signed a contract with plaintiff to employ him as superintendent for $200 per week until the completion of the job, so long as plaintiff properly performed his work. On November 10, 1952, as a culmination of previous conversations and discussions, plaintiff, defendant and Ockerlund orally

3

agreed that the plaintiff would work for both Hansen and Ockerlund jointly as their superintendent on their respective jobs for a total wage or salary of $250 per week, one-half of which would be paid by Ockerlund and the other half by defendant. The first pay period defendant had on the project was for the week ending November 7th and the first pay day was November 12, 1952, when plaintiff was paid at the rate of $125 per week. Thereafter and until February 23, 1953, defendant gave plaintiff, and the latter accepted and cashed payroll checks which were for $125 less amounts requested to be withheld. Plaintiff testified that subsequent to the execution of the written contract he agreed to the joint hiring at a wage of $125 per week each from Ockerlund and the defendant, but that he was to receive the difference at the end of the job.

The only dispute as to the facts relates to the discharge of the plaintiff. He was discharged by the defendant on February 23, 1953. At that time plaintiff was paid $125 less tax deductions for an additional week as severance pay, which he accepted without objection. Extensive evidence was introduced on the issue of whether the defendant had sufficient cause for discharging the plaintiff. In his pleadings and at the outset of the trial plaintiff maintained that the suit was for the amounts payable under the written contracts. The court by finding in favor of Ockerlund and in denying any judgment to plaintiff under this theory necessarily decided this issue adversely to the plaintiff. At no time up to the entry of the judgment did plaintiff assert a right of recovery based upon a modification of the written agreements. He treated each agreement as requiring separate compensation from each defendant. There was no issue of "modification" of the written contract presented on the trial. Plaintiff concedes that he was unsuccessful in establishing the claim that he was to receive deferred compensation. He argues that his written agreement with the defend-

4

ant for employment was modified and that the term thereof was not impaired. Plaintiff states that an inference of modification rather than rescission is consistent with the judgment of the court.

■ ■ We are satisfied that the written contract between plaintiff and defendant was rescinded by the parol agreement and the acts and conduct of the parties. A written contract may be rescinded by a subsequent parol agreement. Selman v. Geary, 334 Ill. 642, 650; Jones v. Dove, 382 Ill. 445; Julius Levin Co. v. Rosenfield, 230 Ill. App. 126. Plaintiff entered into an entirely different contract than the written one he had with defendant. Under the written contract plaintiff was to receive $200 per week. Under the parol agreement he was to work for Ockerlund and defendant jointly and was to receive $125 from each of them weekly. This was $50 per week more than he would have received under the written contract with defendant and which he did thereafter receive. The construction of the buildings under the overall contract was begun in 1950. Financial difficulties were encountered. The administrator for Trusslab suggested the joint hiring of plaintiff because in his opinion the job would not stand $200 a week from defendant alone. The oral agreement for the joint employment did not provide for any specific term for such employment by either employer. The defendant and Ockerlund would have the right to discharge the plaintiff without cause. The record does not support plaintiff's contention that the written contract with defendant was modified by the oral agreement as to the amount of wages and the employers, but that it remained in force as to the term of employment. The record shows no discussion by plaintiff with defendant or Ockerlund as to how long his job as joint superintendent was to last. The conduct of plaintiff is consistent with the position of the defendant that there was a rescission and inconsist-

5

ent with the contention of plaintiff that there was a modification of the written agreement. When plaintiff was discharged he accepted an additional week's pay as severance pay. The finding in favor of the plaintiff is manifestly against the weight of the evidence on any theory presented. See Ebbert v. Metropolitan Life Ins. Co., 369 Ill. 306, 310.

■ ■ As an alternative reason for the reversal of the judgment, defendant urges that plaintiff's damages, if any, were fully mitigated. The measure of damages for wrongful discharge is the contract price less what the employee earned or could have earned in other employment subsequent to his discharge. Doherty v. Schipper & Block, 250 Ill. 128, 134; McPherson v. Board of Education of Waukegan Tp. High School District, 235 Ill. App. 426, 430; Keel v. Illinois Terminal R. Co., 346 Ill. App. 169, 173. Plaintiff sued for loss of wages from February 23, 1953, to the completion of defendant's contract. Plaintiff did not directly prove when defendant's work was completed. Oscar Kleerup, a superintendent at the Parkway Gardens project testified that defendant's work was completed around the end of 1953. It was stipulated for the record that the completion date be considered as the end of 1953. Plaintiff stated that he was not claiming any loss of earnings beyond that date. He was claiming loss of wages to the termination of the job on the theory of anticipatory breach. Following his dismissal plaintiff was unemployed until June 1, 1953. From the latter date to November 15, 1953, he was employed on a school construction job for which he was paid $300 per week and additional compensation by way of a $2,000 bonus. He thus earned more by subsequent employment during the period for which he sued than he would have earned under the contract he claimed with the defendant.

For the reasons stated the judgment is reversed and the cause is remanded with directions to enter a judg-

ment in favor of the defendant, Herbert Hansen, and against plaintiff, Clifford G. Thorsen.

Judgment reversed and cause remanded with directions.

FRIEND and BRYANT, JJ., concur.